IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Douglas Alexander Riddle,<br><br>        Petitioner,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE and OREGON DEPARTMENT OF REVENUE,<br><br>        Respondents. | CV-04-415-ST<br><br>FINDINGS AND RECOMMENDATION |

STEWART, Magistrate Judge:

## INTRODUCTION

Petitioner, Douglas Alexander Riddle ("Riddle"), proceeding *pro se*, submitted various documents to this court on March 23, 2004. At that time, Riddle paid a $39.00 fee and this court opened this civil case. The documents submitted by Riddle refer to both the Internal Revenue Service ("IRS") and the Oregon Department of Revenue ("ODOR"), as well as agents of those entities. Excluding copies of various certified mailing receipts, Riddle submitted to this court a total of 16 documents, as follows:

1 - FINDINGS AND RECOMMENDATION

1. Verified Declaration of Findings of Facts and Conclusions at Law in this Cause as a Natural Consequence of Default Judgment (attached to a "Certification of Service");
2. Asseveration and Declaration of Status;
3. Letter dated March 31, 2003, addressed to "John Doe & Jane Doe" at the Oregon Department of Revenue, referenced as "Certified Mail Receipt 7002 0860 0004 8898 1229";
4. Emergency First Amendment Default Complaint for Final Default, 10 Day Notice to Cure, Certified Mail #7002 0860 0004 8898 1250;
5. Emergency First Amendment Default Complaint for Final Default, 10 Day Notice to Cure, Registered Mail #7002 0860 8898 1243;
6. Five identical documents labeled "Emergency First Amendment Default Complaint for Final Default, 4 Day Notice To Cure," with Certified Mail Numbers as follows: (1) 7002 0860 0004 8898 1236; (2) 7002 0860 0004 8898 1335; (3) 7002 2030 0000 0092 1536; (4) 7002 2030 0000 0092 1543; (5) 7002 2030 0000 0092 1550;
7. Emergency First Amendment Default Complaint for Final Default, 5 Day Notice to Cure;
8. Three letters dated April 14, 2003, addressed to: (1) Susan Merideth at the IRS in Fresno, California (Certified Mail #7002 0860 0004 8898 1311); (2) Stella Peña at the IRS office in Fresno, California (Certified Mail #7002 0860 0004 8898 1304); and (3) Nancy B. Chow at the IRS office in San Fransisco, California (Certified Mail #7002 0860 0004 8898 1289); and
9. Two letters dated April 21, 2003, addressed to: (1) Robert E. Wenzel at the IRS office in Washington, D.C. (Certified Mail #7002 0860 0004 8898 1328); and (2) Timothy A Towns at the IRS office in Ogden, Utah (Certified Mail # 7002 0860 0004 8898 1274).

Copies of documents attached to the Emergency First Amendment Default Complaint for Final Default, 4 Day Notice To Cure, indicate that the IRS charged Riddle penalties and interest relating to his 1999 federal income tax liabilities. Some time thereafter, Riddle apparently filed a case in the United States Tax Court, Docket No. 11581-02L, but that case was dismissed on February 14, 2003, based on lack of jurisdiction because the IRS had not yet endeavored to collect Riddle's 1999 tax liability.

Riddle then began sending various documents to IRS and ODOR agents, demanding that they provide him with copies of all documents in their possession pertaining to him, and

2 - FINDINGS AND RECOMMENDATION

notifying them that they had anywhere from four to ten days to "cure" their "default." These agents apparently never responded to Riddle's various submittals, prompting him to file this action.

This court has carefully reviewed the documents submitted by Riddle. As explained below, it is unclear whether Riddle filed this case simply to give notice to the world that he is a "sovereign" individual or to seek a refund of taxes that he claims he does not owe, or both. If Riddle simply intends to give notice of his "sovereign" status, then this case should be closed without further action. If, on the other hand, Riddle seeks a refund of taxes, or some other relief, then this case should be dismissed without prejudice, and Riddle should be granted leave to amend to cure the deficiencies in his pleadings, provided that he pays the remaining portion of the $150.00 fee for the filing of a civil case.

## DISCUSSION

### I. Relief Sought

The first two documents referenced above, namely the Verified Declaration of Findings of Facts and Conclusions at Law in this Cause as a Natural Consequence of Default Judgment (attached to a "Certification of Service") and the Asseveration and Declaration of Status, appear to be the equivalent of a Complaint and an Affidavit in Support of the Complaint, and will be treated as such. Those two documents reveal that Riddle is attempting to accomplish one of two things by filing this case.

#### A. Intent to File a Miscellaneous Case Giving Notice of "Status"

First, Riddle may have filed these documents simply as a means of giving notice to the world of his "sovereign" status. To file a civil case in this court, a plaintiff must pay $150.00

3 - FINDINGS AND RECOMMENDATION

filing fee. However, at the time Riddle filed these documents, and the remaining 14 documents referenced above, he paid into the court registry not $150.00, but $39.00, which is the amount charged for the filing or indexing of any document not in a case or proceeding for which a filing fee has been paid. This indicates that Riddle did not intend to file a civil lawsuit against any particular defendant, since another $111.00 would be required to do so.

Moreover, although Riddle cites various federal and state constitutional provisions in his Affidavit in Support of the Complaint, that document seeks no other relief, but simply appears to be Riddle's way of informing the world of his individual sovereignty, the revocation of any previous express or implied powers of attorney, and his belief that he is not subject to the jurisdiction of any government, including the United States or the State of Oregon:

> This is an At Law public notice of My status, replacing any previous filings of record, and if within 30 days after filing of this document as a public record, notice to all parties in the State of Oregon, any party having not provided lawful evidence to the contrary of these declarations, on a point by point basis, as cited; the foregoing truth declared will be assumed by default, and your silence acquiescence that the affirmations in this document are true, as affirmed by this Citizen.

Affidavit in Support of Complaint, p. 5.

If Riddle intended to simply file a miscellaneous case giving this type of notice, then there is nothing more for this court to do, and this case should be administratively terminated.

However, Riddle may have a different intent, as discussed next.

### B. Intent to Seek Declaratory Relief or A Tax Refund

Despite the $111.00 shortfall in the filing fee he paid, Riddle may intend to seek declaratory relief or to claim a refund of taxes. Broadly construed, the Complaint and Affidavit

4 - FINDINGS AND RECOMMENDATION

in Support of the Complaint reveal that Riddle may be seeking declaratory relief that he has "no duty to participate, file, nor pay a tax" and injunctive relief ordering that he be "left alone in his Being and Property." Complaint, pp. 3-4. Two problems prevent a civil case to proceed as it presently stands: (1) Riddle owes another $111.00 to the court registry; and (2) Riddle has either failed to establish a basis for jurisdiction or failed to allege facts showing that he has met the jurisdictional prerequisites to filing a refund suit. Therefore, Riddle should be allowed leave to cure each of these deficiencies. If he fails to do so, this court should assume that Riddle's intent was simply to file a miscellaneous case and administratively terminate this case.

## II. Lack of Federal Jurisdiction Over Riddle's Filings

FRCP 12(h)(3) requires this court to dismiss any action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." As discussed below, at present this court lacks jurisdiction over Riddle's potential claims.

### A. Claims for Injunctive Relief Directed at Disputing the Assessment Are Barred

Riddle's documents indicate that he disagrees with the taxes, penalties, and interest assessed against him in the 1999 tax year. However, to the degree he seeks injunctive relief as a means of challenging either the federal or state assessment or collection of those taxes in this court, his claims are barred:

#### 1. IRS

To the degree that Riddle seeks injunctive relief against the IRS, his claims are barred by the Anti-Injunction Act, which bars all suits "for the purpose of retraining the assessment or collection of any tax." 26 USC § 7421(a). "'The purposes of the [Anti-Injunction Act] are to allow the Federal Government to assess and collect allegedly due taxes without judicial

5 - FINDINGS AND RECOMMENDATION


interference and to compel taxpayers to raise their objections to collected taxes in suits for refunds.'" *Warren v. C.I.R.*, 302 F3d 1012, 1015 n5 (9th Cir 2002), quoting *In Re Leckie Smokeless Coal Co.*, 99 F3d 573, 584 (4th Cir 1996). Riddle does not allege that he comes within the statutory exceptions to the bar of the Anti-Injunction Act, and has not articulated any basis for application of the narrow judicial exception. *See Enochs v. Williams Packing Nav. Co.*, 370 US 1, 6-8 (1962) (requiring the taxpayer to demonstrate that the government cannot prevail under any circumstance and that the taxpayer will be irreparably harmed if the injunction is not granted); *Maxfield v. United States Postal Service*, 752 F2d 433, 434 (9th Cir 1984). As a result, Riddle's request for injunctive relief against the IRS must be dismissed for lack of subject matter jurisdiction. *Alexander v. ""Americans United"", Inc.*, 416 US 752, 757-58 (1974); *Elias v. Connett*, 908 F2d 521, 523 (9th Cir 1990).

### 2. **ODOR**

Similarly, with respect to Riddle's possible attempt to sue the ODOR, Riddle's claim fails as it is barred by the Tax Injunction Act, 28 USC § 1341, which provides as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 USC § 1341.

Accordingly, as long as taxpayers have an adequate remedy available in state court, the principles of comity and federalism underlying the Tax Injunction Act bar them from asserting the invalidity of a state tax in federal court and seeking a remedy in the form of damages or injunctive or declaratory relief. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 US

6 - FINDINGS AND RECOMMENDATION

100, 107 (1981); *Patel v. City of San Bernadino*, 310 F3d 1138, 1140 (9th Cir 2002). Where the Tax Injunction Act applies, this court lacks subject matter jurisdiction. *Air Polynesia, Inc. v. Freitas*, 742 F2d 546, 547 (9th Cir 1984).

The statutes and administrative acts of the State of Oregon offer remedies to taxpayers in tax disputes that are sufficient to invoke the Tax Injunction Act. *Brown v. Graham*, 169 F Supp 397, 401 (D Or 1959). *See* ORS 305.270 (procedure for claiming refund of excess taxes paid and administrative appeal process); ORS 305.404 - 305.575 (procedure for judicial appeals). Thus, to the extent Riddle challenges the assessment or collection of a tax by the ODOR, this court lacks subject matter jurisdiction over his claims.

B. **Tax Refund Suit**

While not entirely clear, at least one sentence in Riddle's Complaint indicates that he may be seeking a refund of taxes that he claims he does not owe: "Therefore, this is an at law default declaration by the Sovereign that He will not file any future tax returns *except to claim a refund, and demands a return of all funds paid in prior years for the same*." Complaint, p. 3 (emphasis added).

1. **ODOR**

As just noted, Oregon law provides a procedure for claiming a tax refund and seeking judicial review after conclusion of the administrative process. ORS 305.270; ORS 305.404 - 305.575. With the exception of review by the Oregon Supreme Court regarding errors of law and lack of substantial evidence, the Oregon Tax Court is the "sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of [Oregon]." ORS 305.410(1); ORS 305.445. Thus, to the degree that Riddle is seeking

7 - FINDINGS AND RECOMMENDATION

any refund of Oregon taxes, his sole remedy is through that process, not by filing a suit in this court.

### 2. IRS

Federal law also provides a mechanism for seeking a refund of federal tax overpayments. However, an allegation of full payment of the assessed taxes is a jurisdictional prerequisite to a refund suit. *Boynton v. United States*, 566 F2d 50, 53-54 n5 (1977), citing *Flora v. United States*, 362 US 145, 151-67 (1960). Riddle has made no such allegation. Moreover, at least according to the February 14, 2003 Order of Dismissal of the United States Tax Court (in Docket No. 15181-02L), the IRS had not attempted to collect the amounts allegedly owed by Riddle. Absent an allegation that Riddle has fully paid any taxes which he seeks to have refunded to him, his claim (if any) for a refund of federal taxes must be dismissed for want of subject matter jurisdiction.

### C. **Declaratory Relief is Not An Independent Basis for Jurisdiction**

Broadly construed, Riddle's filings might also be viewed as an attempt to invoke the Declaratory Judgment Act, 28 USC §§ 2201-02. However, it is well-settled that the Declaratory Judgment Act provides no independent basis for jurisdiction:

> [T]he Declaratory Judgment Act is not a jurisdictional statute. It does not create subject matter jurisdiction where none otherwise exists. It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit.

*Jarrett v. Resor*, 426 F2d 213, 216 (9th Cir 1970) (citations omitted).

Thus, this court is without jurisdiction over Riddle's filings unless there is some independent basis for such jurisdiction.

8 - FINDINGS AND RECOMMENDATION

Riddle's Affidavit and other documents he sent to IRS and ODOR agents cite the due process clause. Riddle appears to be of the opinion that IRS and ODOR agents trammeled his due process rights, presumably by suggesting that they have a right to collect taxes and associated penalties and interest from him. However, this vague citation is an insufficient basis on which to find federal jurisdiction.

A claim for violation of the due process clause, at a minimum, requires an allegation that Riddle has suffered the deprivation of his life, liberty, or property. Before his case is justiciable in federal court, Riddle must allege an actual case or controversy. *City of Los Angeles v. Lyons*, 461 US 95 (1983). In other words, he must allege a threat of injury that is both real and immediate and not conjectural or hypothetical. *Portland Police Ass'n v. City of Portland*, 658 F2d 1272, 1273 (9th Cir 1981). Here, Riddle has merely declared that he is "sovereign," has no duty to and will not file future tax returns except to claim a refund, and revokes any previous express or implied powers of attorney. In short, there is no allegation of any interest sufficient to give rise to a due process violation. As a result, Riddle's vague references to constitutional provisions are insufficient to invoke the subject matter jurisdiction of this court.

## CONCLUSION

Riddle's filings either are an attempt to: (1) file a miscellaneous civil case as "notice" of his "sovereign" status; or (2) an effort to sue for a declaration that he owes no taxes or to obtain a tax refund. If the former, this case should be administratively terminated. If the latter, Riddle should be given 10 days to pay the remaining $111.00 of the filing fee and file an Amended Complaint alleging that he has paid the federal tax that he seeks to have refunded.

Riddle should be further advised that, as provided in FRCP 4(m), within 120 days after filing an Amended Complaint, he must properly serve each of his intended defendants in accordance with FRCP 4(i). If he fails to do so, then the court may dismiss the Amended Complaint without prejudice as to any defendant not timely and properly served.

## RECOMMENDATION

For the reasons stated above, and in the event Riddle intends to seek relief in this court against one or more defendant(s), Riddle should be granted 10 days to file pay the remaining $111.00 filing fee and file an Amended Complaint which cures the deficiencies noted above.

In the event Riddle does not file an Amended Complaint and pay the remaining $111.00 of the $150.00 fee for the filing of a civil complaint within 10 days, then this court should assume that Riddle intended only to file a miscellaneous case as "notice" of his individual sovereignty, and should administratively terminate this case.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due **April 23, 2004**. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 2nd day of April, 2004.

Janice M. Stewart
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION